**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BERNINA OF AMERICA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. <u>1:10-cv-4917</u> |
| | ) |
| IMAGELINE, INC., ISLANDVIEW | ) |
| TECHNOLOGIES LLC, ISLANDVIEW | ) |
| DESIGNS LLC, and GEORGE | ) |
| P. RIDDICK, III, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Bernina of America, Inc. ("Bernina" or "Plaintiff") for its complaint against Defendants Imageline, Inc. ("Imageline"), Islandview Designs LLC and Islandview Technologies LLC (collectively "Islandview"), and George P. Riddick, III ("Riddick") (collectively, "Defendants"), alleges as follows.

## NATURE OF THE ACTION

1.      This action arises from (1) Defendants' false allegations of copyright infringement and threats of litigation against Bernina and its authorized dealers; (2) Defendants' misuse of copyright to extort money and gain concessions from Bernina; (3) Defendants' bad-faith publication of defamatory statements about Bernina; and (4) Defendants' malicious interference with Bernina's valid and existing business relationships.  Since Defendants, by their conduct, have created a real controversy between Plaintiff and Imageline, Plaintiff seeks a declaratory judgment that it has not infringed upon any valid copyright owned by Imageline. Plaintiff further seeks damages and injunctive relief as a result of Defendants' defamation and tortious interference with Bernina's business relationships with its dealers.

## PARTIES

2.     Plaintiff Bernina of America, Inc. is a corporation organized and existing under the laws of the state of Illinois with its principal place of business at 3702 Prairie Lake Court, Aurora, IL 60504.

3.     Upon information and belief, Defendant Imageline, Inc. is a Virginia corporation with its principle place of business in Hollywood, Florida.

4.     Upon information and belief, Defendant Islandview Technologies LLC is a Virginia limited liability company with its principle place of business in Ashland, Virginia. Upon information and belief, the sole member of Islandview Technologies LLC, is George P. Riddick, III, a citizen of Virginia.

5.     Upon information and belief, Defendant Islandview Designs LLC is a Virginia limited liability company with its principal place of business in Ashland, Virginia.   Upon information and belief, the sole member of Islandview Technologies LLC, is George P. Riddick, III, a citizen of Virginia.

6.     Upon information and belief, Defendant George P. Riddick III is an individual who is a citizen of Virginia and whose principal residence is located in Glen Allen, Virginia.

## JURISDICTION AND VENUE

7.     This is a Complaint for declaratory judgment of non-infringement of copyright, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., as well as for defamation, defamation *per se*, and tortious interference with a business relationship arising under the common law of the State of Illinois.  This Court has subject matter jurisdiction over the copyright declaratory judgment claim pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.  This Court further has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §

1367.  In addition, this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 on the basis of complete diversity between the parties. The amount in controversy, without interest and costs, exceeds the sum of $75,000.

8.      Defendants have sufficient contacts with this district generally, and in particular, with the events herein alleged, that they are subject to the exercise of personal jurisdiction in this judicial district.  Defendants have purposefully directed their conduct to cause injury to Plaintiff in this judicial district.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this District.

## BERNINA AND ITS PRODUCTS

10.      Plaintiff Bernina of America was established in 1969 in Chicago, as the exclusive distributorship in the United States for Bernina International AG, the world's largest privately-held manufacturer of state-of-the-art sewing and embroidery systems, sergers and embroidery software.  Plaintiff sells its products exclusively through a network of approximately 500 fully trained independent dealerships ("Bernina Dealer Network").

11.      Some Bernina sewing machines have the capability to upload digital images, designs and patterns and reproduce the images, designs and patterns on fabric.

12.      Bernina provides some images and embroidery designs to its customers through software that comes with some of its products and also markets and sells a small number of "design collections," consisting of images and designs that its customers can use in Bernina machines.  Bernina has commissioned some of these original images and designs and provides or sells others under license from the owners of the images and designs.  Customers are also free to upload digital images they obtain from other sources or even create their own digital images and

designs.  Bernina has not provided, marketed, or sold any images that Imageline alleges have been infringed.

13.     Through Bernina's long and successful efforts, the Bernina name has earned recognition, a good name and a reputation for high quality.

## DEFENDANTS' LACK OF LEGITIMATE RIGHTS

14.     Defendants publicly claim that Imageline is the rightful owner of many thousands of digitally-created clip art images over which it claims copyright protection.

15.     The majority of the images over which Imageline claims ownership are rudimentary depictions of commonplace things (such as balls, everyday objects, and exact likenesses of public figures and national landmarks) that cannot be distinguished from other works in their class and, therefore, are not sufficiently original to be eligible for copyright protection.

16.     Bernina has never reproduced, displayed, marketed, sold, distributed or otherwise engaged in any unauthorized exercise of any of the exclusive rights provided by 17 U.S.C. § 106 of the Copyright Act with regard to any image that Defendants allege Bernina has infringed. Accordingly, as a matter of law, even if any of these images were protectable under the Copyright Act, which they are not, Bernina cannot be liable for copyright infringement of these images.

17.     Based on information and belief, Imageline has been granted the following copyright registrations by the Copyright Office for works containing clip art:

a. The work titled "Imageline Design Gallery," Reg. No. VA 841-528, effective March 18, 1997, authored by "Im-ageline, Incorporated," containing 2730 electronic graphic

4

designs. The registration further states that "[s]ome of the Clip Art used in Design Gallery is from Imageline Master Gallery."

b. The work titled "Imageline Master Gallery," Reg. No. VA 751-565, effective May 3, 1996, authored by "Imageline, Incorporated," containing 9618 electronic images. The registration further states that "PicturePak SuperBundle is incorporated in the Imageline Master Gallery."

c. The work titled "PicturePak SuperBundle," Reg. No. VA 746-773, effective March 12, 1996, authored by "Im-ageline, Incorporated," described as an "Electronic Clip Art Package."  The registration further states that "PicturePak SuperBundle was compiled from five products created in 1991: PicturePak 1; PicturePak 2; PicturePak 3; PicturePak ValuePak 1; and Office Clips."

d. The work titled "Headliners," Reg. No. VA 844-189, effective March 12, 1997, authored by "Imageline, Incorporated," containing "Electronic Graphical Expressions."

18. In no case do any of Imageline's registrations cover any individual clip art images.

19. 17 U.S.C. § 103 provides that copyright in a derivative work "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material."

20. Based on the statements made in Imageline's copyright registration applications:

a. Imageline Design Gallery (Reg. No. VA 841-528) is a derivative work of Imageline Master Gallery;

b. Imageline Master Gallery (Copyright Registration No. VA 751-565) is a derivative work of PicturePak SuperBundle; and

       c.     PicturePak SuperBundle (Copyright Reg. No. VA 746-773) is a derivative work of PicturePak I, PicturePak 2, Pic-turePak 3, PicturePak ValuePak 1 and Office Clips, which are not registered works.

21.    17 U.S.C. § 103 also provides that "protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully."

22.    17 U.S.C. § 204 provides that "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."

23.    On information and belief, each of the foregoing works is also a derivative work of other products that Imageline failed to disclose in its copyright registration applications.

24.    On information and belief, some or all of the clip art images contained in each of the four registered works listed above were authored by companies and entities other than Imageline.  Based on information and belief, some of the actual authors of the clip art included in these copyright registrations did not assign copyright ownership to Imageline in a written document signed by the author, which means that Imageline is using these images unlawfully.

25.    Upon information and belief, Imageline was advised by the Copyright Office in a letter dated May 31, 1996 that its application for the PicturePak SuperBundle (Copyright Reg. No. VA 746-773) "may not extend copyright registration to all the pictorial authorship you want it to cover" because the images might have been published previously at "earlier times in several different publications. . . ."  This is because "you may not combine for registration on one form and fee different authorship that was not first-published together as a group on the same date."

The Copyright Office concluded that Imageline's application "may register [a] claim to only that work which is being published for the first time in it."  The Copyright Office also informed Imageline that if it wished to claim copyright for each individual image, it was required to submit separate application and fees and deposit copies "for each different unit of first-publication"  and directed Imageline to "be sure not to refer…to the [individual] images [in its application] because these must be filed for separately."

26.     Contrary to Defendants' claims in their latest letter to Bernina, it is also clear that these registrations do not constitute "group" registrations. The applications were not filed as such and Imageline's clip art images are not one of the several different types of subject matter for which "group" registrations may be sought pursuant to 17 U.S.C. § 408(c)(1) and 37 C.F.R. 202.3.

27.     Upon information and belief, Imageline has never filed separate applications and fees or obtained individual copyright registrations for the individual images in the PicturePak SuperBundle or any of Imageline's other copyright registrations.

28.     Imageline's registrations do not even create any presumption of validity of copyright in the compilations and derivative works, much less any of the individual underlying images.

29.     Imageline did not afford the Copyright Office an opportunity to examine the individual pieces of clip art for their individual registrability. When examining a deposit for registrability, the Office examines only for the nature of authorship asserted; i.e., if the claim is for a compilation, the Office does not examine the individual elements for registrability.  Instead, it examines whether the selection, coordination, or arrangement of those elements is original.

30.     Furthermore, 17 U.S.C. § 410(c) provides that registration only constitutes prima facie evidence of the validity of the facts stated in the certificate if the registration issues within five years of publication of the work.  The registrations for "Imageline Design Gallery" (Reg. No. VA 841-528) and "Imageline Master Gallery" (Reg. No. VA 751-565), which issued in 1997 and 1996 respectively, state that they are derivative works of PicturePak I, PicturePak 2, PicturePak 3, PicturePak ValuePak 1 and Office Clips, which are all unregistered works that on information and belief were first published in 1991, more than five years prior to these registrations.

31.     On information and belief, the "new" images added to these registrations were not actually new but rather were the exact same images published more than five years prior to the issuance of the registrations in a different electronic file format.

32.     On information and belief, the vast majority of the clip art images for which Imageline claims copyright ownership also do not qualify as "original works of authorship" eligible for copyright protection under 17 U.S.C. § 102 for the following reasons, among others:

a.   some clip art images were copied from art that was in the public domain;

b.   some clip art images were copied from art that is the copyrighted property of others;

c.   some clip art images copied or infringed third party trademarks or service marks; and

d.   some clip art images do not embody sufficient originality to constitute an "original work of authorship" under 17 U.S.C. § 102.

33.     Based on the above and upon information and belief, Defendants are fully aware or should be aware that they are not entitled to copyright protection over the images to which they assert ownership and that they are using these images unlawfully.

## DEFENDANTS' FALSE AND DEFAMATORY ALLEGATIONS

34.     In December 2008, Riddick, on behalf of Imageline,  contacted an employee of Great Notions, a subsidiary of Bernina, claiming that Great Notions, Bernina, and another Bernina subsidiary were infringing on Imageline's copyrighted clip art images.  Riddick offered a "discounted settlement rate" for "strategic partner[s]" which was no more than a thinly-veiled threat to extort Bernina and coerce it into a business relationship that would be favorable to Imageline and that would expand its market power in other areas.

35.     In subsequent correspondence with Bernina's counsel, Riddick demanded millions of dollars in settlement fees and repeatedly threatened Bernina with litigation.   In February 2009, despite efforts to resolve Riddick's claims and after Riddick failed to produce the copyright deposits for Imageline's registrations or any other evidence of its ownership of the clip art images it claimed rights notwithstanding numerous requests that he do so, all communications with Riddick ceased.

36.     Bernina did not receive any further communications from Riddick until May 2010, when Riddick contacted Bernina again and began to make the same false allegations of copyright infringement and threats of litigation on behalf of Imageline and another company he claimed to represent, Defendant Islandview.  Riddick, once again, sought to coerce Bernina into a "business partnership" with newly-formed Islandview as part of Islandview's stated efforts increase its "worldwide presence in the growing home embroidery design market."  In June 2010, Riddick, on behalf of Imageline and Islandview, also began to send a series of email

messages and letters directly to Bernina's authorized dealers in the United States and abroad, alleging copyright infringement and threatening them with litigation if they did not settle with Imageline and work with Imageline and Islandview against Bernina.

37.     The email messages and letters also included numerous false and defamatory statements about Bernina including: (1) that Bernina has engaged in willful copyright infringement; (2) that Bernina and its corporate officers have acted unethically; (3) that Bernina and its corporate officers have ignored the best interests of the dealers and has exposed them to legal liability; (4) that Bernina and its corporate officers have knowingly made false statements to the Bernina dealers and others; (5) that Bernina and its corporate officers have directly caused damage to the Bernina independent dealers; and (6) that Bernina and its corporate officers have engaged in unlawful activities.

38.     Bernina has notified Defendants that their allegations of copyright infringement against Bernina and the Bernina Dealer Network are baseless, unsubstantiated, false and deceptive.  Bernina has demanded that Defendants cease and desist from their harassment and defamation of Bernina and the Bernina Dealer Network.

39.     Despite Bernina's notification and request, Defendants' harassment, threats, false allegations and false statements have only intensified.

40.     Defendants' activities have caused, and will continue to cause, Bernina to suffer irreparable injury. Defendants' false allegations have caused Bernina to suffer substantial damage, including, among other things, money damages, loss of competitive position, goodwill, lost profits, and other damages.  Defendants' wrongful conduct continues to threaten Bernina and, unless enjoined, will cause further irreparable harm.

41.     Bernina has no adequate remedy at law.

## COUNT I
## DECLARATORY JUDGMENT OF NON-COPYRIGHT INFRINGEMENT
### (Defendant Imageline Inc.)

42.     Plaintiff incorporates by reference paragraphs 1 through 39 as if stated in full herein.

43.     As a result of Imageline and the other Defendants' actions, there is a real and actual controversy between Plaintiff and Imageline regarding whether Plaintiff has engaged in infringement of copyrighted material lawfully owned by Imageline.

44.     Imageline does not have any protectable rights in the individual underlying images contained in Imageline's copyright registrations.

45.     Even if Imageline did have protectable rights in the individual underlying images contained in its copyright registrations, Bernina has not reproduced any of the images, prepared derivative works based upon the images, distributed copies of the images to the public, or engaged in any of the other activities that are reserved for the owner of copyright pursuant to 15 U.SC. § 106.

46.     Furthermore, Imageline is engaging in misuse of copyright with regard to its registrations as it is trying to improperly leverage its limited monopoly over the compilations of clip art images to allow it to control use of the underlying images and threatening users of the individual images with legal action if they do not make demanded payments and/or become a "strategic partner" with Imageline.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and prays:

*(A)* That the Court determine and adjudge that Plaintiff has not infringed upon protectable creative authorship lawfully owned by Imageline.

*(B)* That Imageline pay to Plaintiff the costs of this action, including reasonable attorneys' fees.

*(C)* That Plaintiff be awarded such other and further relief as this Court deems just.

## COUNT II
## DEFAMATION AND DEFAMATION *PER SE*
### (All Defendants)

47.   Plaintiff incorporates by reference paragraphs 1 through 44 as if stated in full herein.

48.   Defendants' statements to third parties including statements that (1) Bernina has engaged in willful copyright infringement; (2) Bernina and its corporate officers have acted unethically; (3) Bernina and its corporate officers have ignored the best interests of the dealers and has exposed them to legal liability; (4) Bernina and its corporate officers have knowingly made false statements to the Bernina dealers; (5) Bernina and its corporate officers have directly caused damage to the Bernina independent dealers; and (6) Bernina and its corporate officers have engaged in unlawful activities, are false.

49.   Defendants made the statements with actual malice and with knowledge that they are false or with reckless disregard for whether they are false.

50.   Defendants made the statements with knowledge that the allegations would likely cause actual harm to Plaintiff.

51.   Defendants' false allegations are defamatory *per se* in that they impute the commission of a crime, the commission of fraud and mismanagement, and assail Bernina's business methods.

52.   Defendants have persisted in the publication of these false claims to third parties even after receiving Bernina's detailed response refuting Defendants' allegations.

53.     Defendants' false allegations have caused Plaintiff to suffer substantial damage, including, among other things, money damages, loss of competitive position, goodwill, lost profits, and other damages.  Defendants' wrongful conduct continues to threaten Bernina and, unless enjoined, will cause further irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and prays:

*(A)* That the Court enter judgment in favor of Plaintiff on Count II.

*(B)* That Defendants, jointly and severally, and their agents, servants, employees, officers, attorneys, successors, and assigns, be enjoined from making further defamatory allegations against Bernina including, but not limited to making false allegations of copyright infringement and/or statements inconsistent with the judgments of non-infringement.

*(C)* That Defendants publish a retraction to all third-parties upon whom Defendants or their agents have made the defamatory allegations.

*(D)* That Defendants compensate Bernina for damages incurred to defend against Defendants' false allegations.

*(E)* That Defendants compensate Plaintiff for all damages incurred directly as a result of Defendants defamatory allegations.

*(F)* That Defendants be required to pay punitive damages for willfully publicizing false statements about Bernina after being notified that Defendants' allegations were unsubstantiated and erroneous.

*(G)* That Plaintiff be awarded other and future relief as this Court deems just.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### (All Defendants)

54.     Plaintiff incorporates by reference paragraphs 1 through 50 as if stated in full herein.

55.     Prior to Defendants' conduct as alleged herein, Bernina maintained valid business and contractual relationships with its dealers in the Bernina Dealer Network.

56.     Defendants knew or should have know of these contractual relationships, and have been advised by Bernina not to contact the Bernina Dealer Network.

57.     Defendants have wrongfully and unjustifiably interfered with these relationships.

58.     Upon information and belief, Defendants continue to attempt to interfere with the contractual relationships Bernina enjoys with the Bernina Dealer Network.

59.     Defendants' actions have caused Bernina to suffer substantial damage, including, among other things, money damages, loss of competitive position, goodwill, lost profits, and other damages.   Defendants' wrongful conduct continues to threaten Bernina and its relationships with its dealers and, unless enjoined, will cause further irreparable harm.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and prays:

*(A)* That the Court enter judgment in favor of Plaintiff on Count III.

*(B)* That Defendants, jointly and severally, and their agents, servants, employees, officers, attorneys, successors, and assigns, be enjoined from making contact with Bernina's authorized dealers for the purpose of making false allegations of copyright infringement and/or statements inconsistent with the judgments of non-infringement.

*(C)* That Defendants compensate Plaintiff for all damages incurred directly as a result of Defendants' tortious interference with its business relationships.

*(D)* That Plaintiff be awarded other and future relief as this Court deems just.

## Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues in this action so triable.

Date: August 4, 2010                    Respectfully submitted,


                                        BERNINA OF AMERICA, INC.


                                        By:       /s/  Norman K. Beck_____

                                        Norman K. Beck (ARDC 2425205)
                                        Brian D. Fergemann (ARDC 6269728)
                                        Marc H. Trachtenberg (ARDC 6290927)
                                        Kevin P. McCormick (ARDC 6294455)
                                        Winston & Strawn LLP
                                        35 W. Wacker Drive
                                        Chicago, IL  60601
                                        (312) 558-5600
                                        nbeck@winston.com
                                        bfergemann@winston.com
                                        mtrachtenberg@winston.com
                                        kmccormick@winston.com

                                        Attorneys for Bernina of America, Inc.

## VERIFICATION

I, Michael Perich, state that I am Chief Financial Officer of Bernina of America Inc.  I have read the foregoing Complaint. I verify under penalty of perjury that the foregoing is true and correct to the best of my belief and knowledge.

Dated: August 4, 2010

_____
Michael Perich