

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BERNINA OF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | Case Number: 1:10-cv-4917 |
| ) | |
| v. ) | |
| ) | Judge Milton I. Shadur |
| IMAGELINE, INC., ISLANDVIEW ) | |
| TECHNOLOGIES LLC, ISLANDVIEW ) | |
| DESIGNS LLC, and GEORGE ) | Magistrate Judge Martin C. Ashman |
| P. RIDDICK, III, ) | |
| ) | |
| Defendants. ) | |

## **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

The Court hereby enters the **ORDER** below based on the following facts:

A. Plaintiff Bernina of America Inc. ("Bernina") brought this cause of action on August 4, 2010, against Defendant Imageline Inc., Defendant Islandview Technologies LLC, and Defendant Islandview Designs LLC, (hereinafter "Defaulting Defendants") and Defendant George P. Riddick III ("Riddick").

B. In Count I of its Amended Complaint, filed November 23, 2010, Bernina seeks a declaratory judgment of non-infringement holding that Bernina has not infringed upon any protectable creative authorship in copyright lawfully owned by Defendant Imageline Inc. and Riddick, including all works contained in copyright registrations entitled "Imageline Design Gallery," Reg. No. VA 841-528, "Imageline Master Gallery," Reg. No. VA 751-565, "PicturePak SuperBundle," Reg. No. VA 746-773, and "Headliners," Reg. No. VA 844-189 (collectively referred to hereinafter as the "Copyright Registrations"). Bernina alleges that (1) Imageline does not have any protectable rights in the individual underlying images contained in

1

the Copyright Registrations; (2) that Bernina has not infringed or otherwise engaged in any activities that are reserved for the owner of copyright pursuant to 15 U.S.C. § 106 with respect to the Copyright Registrations; and (3) that the Copyright Registrations themselves are invalid because they were obtained as a result of misrepresentations made to Copyright Office in the copyright applications. Bernina also seeks an award of costs and reasonable attorneys fees under 17 U.S.C. § 505.

    C. In Count II of the Amended Complaint, Bernina raises claims against the Defaulting Defendants and Riddick for defamation and defamation *per se*. In support of its claims for defamation and defamation *per se*, Bernina alleges that Riddick and the Defaulting Defendants made false statements about Bernina to third parties, including the dealers who sell Bernina's products, and made such statements with actual malice, with knowledge that such statements were false or with reckless disregard for whether they are false, and with knowledge that the allegations would likely cause actual harm to Bernina. Bernina also alleges that some of these false statements were defamatory *per se* in that they imputed the commission of a crime, the commission of fraud and mismanagement, and assailed Bernina's business methods. Bernina alleges that it has suffered harm as a result of such statements. Bernina seeks in Count II a permanent injunction prohibiting Defendants from making further defamatory allegations against Bernina including making any public allegations that Bernina has engaged in copyright infringement. Bernina also seeks a written retraction from Defendants as well as compensatory and punitive damages.

    D. In Count III of the Amended Complaint, Bernina brings a claim for tortious interference with existing contractual relationships against the Defaulting Defendants and Riddick. In support of its claim, Bernina alleges that the Defaulting Defendants and

Riddick wrongfully and unjustifiably interfered with the contractual relationships that the Defaulting Defendants and Riddick knew Bernina maintained with the dealers that sell Bernina's products, causing substantial damage to Bernina. Bernina seeks a permanent injunction, compensatory and punitive damages.

E. In their First Amended Answer and Counterclaims, the Defaulting Defendants and Riddick allege: (1) On August 16, 2009, Imageline Inc. assigned to Riddick ownership of 600 digital images from the "Imageline Master Gallery," Reg. No. VA 751-565, and 300 digital designs from the "Imageline Design Gallery," Reg. No. VA 841-528, and (2) On December 9, 2010, Riddick assigned back to Imageline Inc. ownership of the 600 digital images from the "Imageline Master Gallery," Reg. No. VA 751-565, and the 300 digital designs from the "Imageline Design Gallery," Reg. No. VA 841-528, which were the subject of the August 16, 2009 assignment.

F. This Court has subject matter jurisdiction over the copyright declaratory judgment claim pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. This Court further has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. In addition, this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 on the basis of complete diversity between the parties.

G. For approximately ten months, the Court has explicitly advised the Defaulting Defendants, through Riddick (the sole member/primary shareholder of each of the Defaulting Defendants) of the requirement that the Defaulting Defendants be represented by counsel in this litigation. Two separate counsel have filed appearances on behalf of the Defaulting Defendants, both of whom have withdrawn. The Court has granted numerous lengthy extensions of time to permit the Defaulting Defendants an opportunity to obtain

counsel and to defend in this action. Defaulting Defendants have not done so. Meanwhile, during the pendency of this action, Imageline Inc., one of the Defaulting Defendants, has been actively represented by counsel in not less than seven other federal court actions in other districts around the country (including three actions that are currently pending). *See Imageline Inc. v. Bulmash, et al.*, 1:09-cv-01092-HTW (N.D. Ga.); *Imageline, Inc. v. Cresset Gates LLC et al.*, 1:09-cv-01090 (N.D. Ga.); *Imageline Inc. v. Muliply, Inc.*, 9:11-cv-90032-KAM (S.D. Fla.); *Imageline, Inc. v. Hirsch Int'l Corp., et al.*, 6:11-cv-00033 (M.D. Fla.); *Imageline, Inc. v. Hewlett-Packard Development Company, L.P. et al.*, 2:11-cv-00172-SJO (C.D. Cal.); *Imageline, Inc. v. Wise Gorilla et al.*, 2:09-vc-080260-CBM-FFM (C.D. Cal.); *Imageline Inc. v. CafePress.com, Inc., et al.*, 2:10-cv-09794-PSG-MAN (C.D. Cal.). As such, the Defaulting Defendants have engaged in a willful disregard for this litigation and the procedures of this Court.

In consideration of the above, **IT IS HEREBY ORDERED** that:

1. The Answer, Affirmative Defenses, and Counterclaims filed on behalf of the Defaulting Defendants are hereby stricken.

2. The Court finds the Defaulting Defendants to be in default.

3. All of the material factual allegations of the Amended Complaint filed in the instant action are deemed to be admitted by the Defaulting Defendants.

4. Bernina is entitled to judgment as a matter of law on all of its claims brought against the Defaulting Defendants and on the Defaulting Defendants' counterclaims brought against Bernina.

5. Pursuant to Rule 54(b), there is no just reason to delay final judgment against the Defaulting Defendants.

4

**IT IS FURTHER ORDERED** that:

6. Bernina is hereby held not liable for infringement of any protectable creative authorship in copyright lawfully owned by Defendant Imageline Inc., including all works contained in copyright registrations entitled "Imageline Design Gallery," Reg. No. VA 841-528, "Imageline Master Gallery," Reg. No. VA 751-565, "PicturePak SuperBundle," Reg. No. VA 746-773, and "Headliners," Reg. No. VA 844-189 or any other copyright registration possessed, owned by, or filed with the United States Copyright Office by Imageline Inc. In addition, Imageline Inc. does not have any protectable rights in any of the individual underlying images contained in the Copyright Registrations. Furthermore, the Copyright Registrations are invalid copyright registrations.

7. The Defaulting Defendants are liable as a matter of law to Bernina as to Bernina's claims for defamation and defamation *per se.*

8. The Defaulting Defendants are liable as a matter of law to Bernina as to Bernina's claims for tortious interference with Bernina's existing contractual relationships with its independent dealers.

**IT IS FURTHER ORDERED** that:

9. The Defaulting Defendants, their officers, subsidiaries, parents, divisions, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this preliminary injunction by personal service or otherwise, are permanently enjoined from:

   i. making defamatory allegations against Bernina, including but not limited to making allegations that:

      a. Bernina has engaged in any copyright infringement, willful or otherwise;

      b. Bernina and its corporate officers have acted unethically;

      c. Bernina and its corporate officers have ignored the best interests of its independent dealers and have exposed them to legal liability;

      d. Bernina and its corporate officers have knowingly made false statements to the Bernina dealers and others;

      e. Bernina and its corporate officers have directly caused damage to the Bernina dealers; and

      f. Bernina and its corporate officers have engaged in unlawful activities; and

  ii. from making contact with Bernina's authorized dealers in the Bernina Dealer Network for the purpose of making false allegations of copyright infringement and/or otherwise interfering with Bernina's contractual relationships with those dealers.

**IT IS FURTHER ORDERED** that:

10. Bernina is entitled to compensatory damages pursuant to its claims for defamation, defamation *per se*, and tortious interference. In the Court's discretion, it finds that Bernina is entitled to recover from Defaulting Defendants its costs and reasonable attorneys fees pursuant to 17 U.S.C. § 505. The Court will hold a hearing in this matter on _____ wherein Bernina may offer proof of its damages under its defamation,

defamation *per se*, and tortious interference claims, as well as its reasonable attorneys fees available under 17 U.S.C. § 505.

11. By June 20, 2011, Riddick shall produce all documents to Plaintiff related to (1) the purported assignment on August 16, 2009, from Imageline Inc. to Riddick of ownership of 600 digital images from the "Imageline Master Gallery," Reg. No. VA 751-565, and 300 digital designs from the "Imageline Design Gallery," Reg. No. VA 841-528, and (2) the purported assignment on December 9, 2010, from Riddick to Imageline Inc. of ownership of the 600 digital images from the "Imageline Master Gallery," Reg. No. VA 751-565, and the 300 digital designs from the "Imageline Design Gallery," Reg. No. VA 841-528, which were the subject of the August 16, 2009 assignment.

**SO ORDERED**

Dated: June 28, 2011

Honorable Milton I. Shadur
United States District Judge

Submitted by:

Norman K. Beck (ARDC 2425205)
Marc H. Trachtenberg (ARDC 6290927)
Kevin P. McCormick (ARDC 6294455)
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
nbeck@winston.com
mtrachtenberg@winston.com
kmccormick@winston.com

Attorneys for Bernina of America, Inc.