## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BERNINA OF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | Case Number: 1:10-cv-4917 |
| ) | |
| v. ) | |
| ) | Judge Milton I. Shadur |
| IMAGELINE, INC., ISLANDVIEW ) | |
| TECHNOLOGIES LLC, ISLANDVIEW ) | |
| DESIGNS LLC, and GEORGE ) | Magistrate Judge Martin C. Ashman |
| P. RIDDICK, III, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR AN AMENDED FINAL
## JUDGMENT ORDER AND AWARD OF ATTORNEYS' FEES

NOW COMES Plaintiff, Bernina of America, Inc. ("Bernina"), by and though counsel, and respectfully requests that the Court enter an amended final judgment order and award of attorneys' fees pursuant to 17 U.S.C. § 505.

At the status hearing held on June 28, 2011, the Court requested that Bernina submit a proposed amended judgment order reflecting the posture of the case in light of Defendant George P. Riddick, III's ("Riddick") recent representations to the Court that he does not personally maintain any legal rights to any images implicated in this litigation. Bernina submits that, based on the default judgment entered against Imageline, Inc., Islandview Technologies LLC, and Islandview Designs LLC (collectively, "Defaulting Defendants") and based on Riddick's representations to the Court, this case can be fully disposed of, as outlined

below and reflected in Bernina's proposed amended final judgment submitted in conjunction with this motion.[1]

Specifically, Bernina moves the Court to: (1) enter judgment against Riddick as to Count I of Bernina's Amended Complaint (declaratory judgment of non-infringement);[2] (2) deem as other just relief that Riddick personally be permanently enjoined (under the same terms as the injunction against the Defaulting Defendants) from making public allegations that Bernina has engaged in copyright infringement, including but not limited to making such statements to Bernina's network of qualified dealers; and (3) enter an award of attorneys' fees and costs in the amount of $146,727.53 against the Defendants, jointly and severally.

Should the Court deem this proposed amended final judgment order and request for attorneys' fees to be appropriate, Bernina would forego any further prove-up of damages associated with the judgment against the Defaulting Defendants on its state law claims for defamation, defamation *per se*, and tortious interference, and would also voluntarily dismiss without prejudice Counts II and III as they pertain to Riddick, individually. Such would resolve all issues in the case.

**I.** **Final Judgment Against Riddick on Count I**

In Count I of its Amended Complaint, filed November 23, 2010, Bernina sought a declaratory judgment of non-infringement holding that Bernina has not infringed upon any protectable creative authorship in copyright lawfully owned by Defendant Imageline Inc. and/or

---

[1] Pursuant to the Court's standing order, Bernina has not filed the proposed final judgment order, but rather has submitted a copy to the court electronically though the Court's proposed order procedures.

[2] The Court has already entered judgment against Imageline on Count I. Now that Riddick has disclaimed any personal right to the images in question, judgment is appropriate against Riddick as well as to Count I.

Riddick. Bernina was forced to bring this claim due to the numerous public allegations and representations to this Court made by Riddick, falsely suggesting that both he and Imageline possessed rights to copyrighted materials that had been infringed by Bernina. It has been Bernina's contention throughout this lawsuit that (1) neither Imageline nor Riddick possess any protectable rights in the individual underlying images contained in Imageline's copyright registrations; (2) Bernina has not infringed or otherwise engaged in any activities that are reserved for the owner of copyright pursuant to 15 U.S.C. § 106 with respect to Imageline's copyright registrations; and (3) Imageline's copyright registrations themselves are invalid because they were obtained as a result of misrepresentations made to the Copyright Office in the copyright applications.

On June 28, 2011, the Court entered final default judgment against Imageline on Count I. *See* Doc. No. 90. Thus, the only outstanding issue as to Count I is whether Riddick personally possesses any rights to images at issue in this litigation (as Riddick has previously represented to this Court) and, if so, whether such images were infringed by Bernina. At the Court's status hearing held May 25, 2011, the Court ordered Riddick to confirm in writing (and produce any supporting documentation) what rights, if any, Riddick personally possesses with respect to the images at issue in this litigation. Riddick responded in letters dated June 20, 2011, and June 27, 2011 (subsequently filed by Bernina, per the Court's request, *see* Doc. No. 88), confirming that he personally owns no legal or proprietary rights to any images at issue in this litigation and that all such images are owned by Imageline.[3] Accordingly, based on Riddick's

---

[3] Specifically, Riddick represents to Bernina and the Court that in 2009, Imageline assigned 1,200 unidentified images from among Imageline's registrations to Riddick, but that all of these unidentified images were subsequently reassigned back to Imageline on December 9, 2010. Riddick confirmed that "*all of the images at issue in this matter whose legal or proprietary*

3

representation to the Court, Riddick does not possess any protectable rights to images infringed by Bernina. It is appropriate, therefore, to amend the final judgment on Count I to include an entry of judgment against Riddick, personally.

## II. Permanent Injunction Against Riddick

The existing default judgment order entered by the Court enjoins the Defaulting Defendants (along with any agent acting on behalf of the Defaulting Defendants who has actual notice of the injunction) from making defamatory allegations about Bernina inconsistent with the Court's judgment of non-infringement in favor of Bernina and from making contact with Bernina's authorized dealers for the purpose of making such false allegations or to interfere with Bernina's contractual relationships with those dealers. Riddick, as a member or shareholder of each of the Defaulting Defendants, is already bound under this injunction when acting in his capacity as an agent for any of the Defaulting Defendants. The Court should likewise find that in the interests of justice, Riddick should be similarly enjoined when acting in his personal capacity, particularly in light of his representation to the Court that he personally possesses no individual rights in any of the images at issue.

As the Court concluded when it preliminarily enjoined all of the Defendants under these terms, there is no prejudice to any of the Defendants by such an injunction because they are only enjoined from making representations or allegations inconsistent with the Court's judgment or from engaging in otherwise tortious conduct. Such relief against Riddick in his personal capacity is just in light of the Court's judgment in Bernina's favor on its declaratory judgment claim of non-infringement and based on the other circumstances in this case.

---

*rights were assigned by Imageline to [Riddick] at any point in the past have now been reassigned back to Imageline.*" *See* Doc. No. 88, Ex. C (emphasis in original).

### III. Award of Costs and Attorneys' Fees in Favor of Bernina

Bernina seeks an award of attorneys' fees against Defendants in the amount of $146,727.53, consisting of $135,522.00 in attorneys' fees and $11,205.53 in other recoverable expenses. Attached hereto as Exhibit A[4] is an affidavit from Norman K. Beck detailing each of these expenses and attaching supporting documentation, including time sheets with entries of the tasks performed for which Bernina is seeking recovery. Bernina is entitled to recover such fees as the prevailing party under the Copyright Act, 17 U.S.C. § 505 ("Section 505"). Additionally, the fees and expenses sought are reasonable and recoverable. As detailed below and in Exhibit A, in an effort to minimize controversy, Bernina only seeks a portion of the actual fees and expenses incurred by Bernina and paid to Winston & Strawn LLP.

Pursuant to Local Rule 54.3, Bernina informed Mr. Riddick by email and Federal Express, on July 20, 2011, of its intention to seek such fees and expenses in the instant motion and provided him with a draft of Exhibit A and all of the supporting paperwork attached thereto. Bernina's July 20, 2011 correspondence to Mr. Riddick is attached hereto as Exhibit B. As of the filing of this motion, Bernina has received no response from Mr. Riddick with any position as to the reasonable fees that Bernina is entitled to recover.

#### A. Bernina is Entitled to Recover Attorneys' Fees Under Section 505.

As the prevailing party in this litigation, Bernina should be awarded costs and fees pursuant to Section 505, which provides in pertinent part that in any copyright action, the court in its discretion "may allow the recovery of full costs by or against any party. . . [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. As both this Court and the Seventh Circuit have previously acknowledged,

---

[4] Bernina has contemporaneously filed a motion for leave to file Exhibit A under seal.

plaintiffs and defendants alike may be entitled to awards of fees and that "'there should be no thumb on the scales'" between parties prosecuting copyright claims and those defendant against copyright claims. *Gentieu v. Tony Stone Images/Chicago, Inc.*, No. 00 C 269, 2003 WL 22048059, at *4 (N.D. Ill. 2003) (Shadur, J.) (quoting *Gonzales v. Transfer Tech., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002)); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) (rejecting the "dual standard" approach by which plaintiffs were more likely to recover their attorneys' fees than defendants, holding that "defendants who seek to advance . . . meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement").[5] In *Gentieu*, this Court found that, based on Section 505 and the Supreme Court precedent of *Fogerty*, a party who successfully defended against a "bootless" copyright claim was the "prevailing party" and entitled to reasonable attorneys' fees and expenses. 2003 WL 22048059, at *4.

Bernina is clearly the prevailing party in this action, having achieved judgment on all of its claims, obtained a permanent injunction, and exposed Defendants' public allegations of copyright infringement as false and defamatory. In an action where a defendant has defaulted, the plaintiff is routinely considered to be the "prevailing party" for the purposes of an award of attorneys' fees. *See Weinraub/OKUN Music v. Atlantic Fish & Chips, Inc.*, No. 90 C 4938, 1991 WL 34713, at *5-6 (N.D. Ill. Mar. 13, 1991) (Rovner, J); *Salton, Inc. v. Micom Computer, Inc.*, No. 85 C 6374, 1986 WL 10066, at *1 (N.D. Ill. Sept. 2, 1986) (Williams, J.); *Broadcast Music, Inc. v. Hasley's, Inc.*, No. 85 C 5122, 1985 WL 5966, at *4 (N.D. Ill. Oct. 29, 1985) (Holderman, J.); *see also White v. Marshall*, No. 07-CV-892, 2011 WL 703937, at *6-7 (E.D. Wis. Feb. 18,

---

[5] Bernina, as a declaratory judgment plaintiff whose claims were brought based on a legitimate controversy stemming from Defendants' public allegations of tortious behavior and threats of litigation, is more akin to the defendants in *Gentieu*, *Gonzales*, and *Fogerty*.

6

2011); *Aggressive Music v. P.A.R. Power Washing, Inc.*, No. 1:08-CV-0274 PPS, 2010 WL 2772347, at *4-5 (N.D. Ind. July 9, 2010); *Divine Mill Music v. Blackmon's, Inc.*, No. 08-cv-501-JPG, 2008 WL 4853575, at *3-4 (S.D. Ill. Nov. 5, 2008).

As reflected in the Court's June 28, 2011 default judgment order, Defendants have willfully refused to participate in this litigation and have made no effort to either defend against Bernina's claims or prosecute their counterclaims against Bernina. Bernina is the prevailing party with respect to both its affirmative claim and Defendants' counterclaims brought under the Copyright Act. As such, the Court is empowered by the Copyright Act with discretion to award attorneys' fees, and that discretion should be exercised to forward the policies of the Act. *Fogerty*, 510 U.S. at 534-35. Parties "who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them," in part because such defense ultimately encourages the promotion of "broad public availability of literature, music and the other arts." *Id.* at 526-27.

In *Fogerty*, the Supreme Court highlighted a list of nonexclusive factors to guide a district court's exercise of discretion in awarding attorneys' fees, including "frivolousness, motivation, objective unreasonableness (both factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 535, n.19. Not all factors must be met to support an award of attorneys' fees, nor should the court use them to restrict awards of attorneys' fees to cases where the losing party was somehow culpable or acted in bad faith, since blameworthiness is not a prerequisite to awarding fees to a prevailing defendant. *Id.* Indeed, exceptional circumstances are *not* a prerequisite to an award of attorneys' fees in copyright actions. *See, e.g., Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996) (granting attorneys' fees to defendants for successfully

7

defending against a copyright claim). As the Seventh Circuit noted, "[w]hen the prevailing party is the defendant . . . the presumption in favor of awarding fees is very strong." *Assessment Techs. of Wi., LLC v. WIREData, Inc.*, 361 F.3d 434, 439 (7th Cir. 2004) (citing *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994)). "For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Id.* at 439.

All of these considerations favor an award of attorneys' fees for Bernina in this case. The allegations and threats against Bernina advanced by the Defendants both prior to and during this litigation were objectively frivolous. As documents submitted to this Court clearly show, Defendants based their public threats and allegations against Bernina on a false claim to individual copyright for tens of thousands of rudimentary depictions of commonplace things such as the flags of every nation in the world, numbers, letters, balls, everyday objects, and the exact likenesses of public figures and national landmarks. *See* Am. Compl. ¶ 28. They did so despite having been on direct notice from the Copyright Office as of May 31, 1996, that they did *not* possess copyright protection over the individual underlying images within the copyright registrations. *See* Am. Compl. ¶ 27; *see Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (noting that when there has been a default "the factual allegations of a complaint relating to liability are taken as true").

In this case, Defendants have also threatened, accused, harassed, and bullied at least *hundreds* of other individuals and entities based on these false claims—most of whom lacked the resources and capabilities to question or challenge Defendants. Defendants' abuse of the copyright system should be deterred by this Court. Deterrence is an additional factor district courts should consider in deciding whether to award fees under the Copyright Act. *See Fogerty*,

8

515 U.S. at 535, n.19. An award of attorneys' fees to Bernina is imperative to deter Defendants from continuing to file and/or threaten to file vexatious lawsuits seeking staggering damages without any reasonable basis. An award of attorneys' fees also serves to filter the would-be litigant pool to those whose claims are built upon the good faith that the Federal Rules of Civil Procedure require, and would put other potential plaintiffs on notice that there are consequences to threatening or filing hyper-aggressive lawsuits that lack factual and legal support. Copyright law was not meant as a means for individuals and companies like Defendants to extort massive copyright infringement damages and/or settlements based on tenuous (or nonexistent) legal theories. Thus, Bernina's meritorious defense against these allegations by prosecuting this action and defending against Defendants' counterclaims furthered the purpose of the Copyright Act. Accordingly, based on the above and in the Court's discretion, Bernina is entitled to an award of reasonable attorneys' fees against the Defendants jointly and severally.

### B. The Fees and Costs Sought by Bernina Are Reasonable

Bernina seeks an award of $146,727.53 in fees and expenses associated with this litigation. In truth, Bernina has incurred and *actually paid* substantially more fees and costs, both during this litigation and over the past two years, than Riddick has been threatening Bernina with litigation and tortiously interfering with Bernina's contractual relationships with its dealers (as well as untold other damages as a result of the loss of goodwill and damage to its reputation as a result of Defendants' allegations). Bernina has, however, tailored its request only to the fees and costs directly related to the central and imperative aspects of this litigation.

As the Court is well aware, this action has been proceeding for nearly a year. There have been more than a dozen status and motion hearings held. Bernina successfully briefed and prevailed on a motion for temporary restraining order and also a preliminary

9

injunction. Two separate sets of counsel have made appearances on behalf of Defendants and subsequently withdrawn, necessitating motions for default judgment, the more recent of which was granted. Defendants also filed unsupported counterclaims against Bernina requiring the briefing of a motion to dismiss by Bernina which was granted in full by the Court. In addition to all of these proceedings, Defendant Riddick has also inundated with Court and Bernina with *pro se* documents and filings that required extensive review and response.

Because the fees and expenses sought by Bernina are reasonable and are supported by the documentation in Exhibit A, Bernina respectfully requests an award of $146, 727.53 against all Defendants, jointly and severally.

**IV.** <u>**Conclusion**</u>

WHEREFORE, based on the foregoing, Bernina respectfully requests that the Court enter an amended final judgment, as set forth in Bernina's proposed final judgment order.

Date: July 25, 2011                                         Respectfully submitted,

                                                            BERNINA OF AMERICA, INC.

                                                            By:            /s/  Norman K. Beck

                                                            Norman K. Beck (ARDC 2425205)
                                                            Marc H. Trachtenberg (ARDC 6290927)
                                                            Kevin P. McCormick (ARDC 6294455)
                                                            Winston & Strawn LLP
                                                            35 W. Wacker Drive
                                                            Chicago, IL  60601
                                                            (312) 558-5600
                                                            nbeck@winston.com
                                                            mtrachtenberg@winston.com
                                                            kmccormick@winston.com

                                                            Attorneys for Bernina of America, Inc.

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing PLAINTIFF'S MOTION FOR AN AMENDED FINAL JUDGMENT ORDER AND AWARD OF ATTORNEYS' FEES was served on:

George P. Riddick, III
319 MacMurdo Street
Ashland, VA 23005
gpaine3@yahoo.com
griddick@imageline2.com
Copyrights@imageline2.com
griddick@islandview2.com


via electronic mail before 4:00 p.m. CT and Federal Express Overnight Mail this July 25, 2011.


By:   /s/ Kevin P. McCormick
One of the Attorneys for Plaintiff